IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 05-CR-443 |
| v. : | |
| : | (Chief Judge Kane) |
| ROBERT SCOTT, SR., : | |
| : | |
| Defendant : | |

# MEMORANDUM

Before the Court are motions filed by Defendant Scott, Sr., related to Dr. Cooper's testimony (Doc. No. 970) and to certain Rule 404(b) evidence (Doc. No. 1063), which will be denied as moot in light of his recent guilty plea. Defendant Scott, Sr.'s motion to dismiss his court-appointed counsel and proceed *pro se* (Doc. No. 1076) will be denied for the reasons discussed below.

On the eve of trial, the Court received a letter from Defendant Scott, Sr., in which he moved to dismiss his court-appointed counsel and proceed to trial *pro se*. In the letter, Defendant Scott, Sr., seeks to remove and/or replace Attorney Donald F. Martino, a member of the Court's CJA Panel, who has been representing Scott in this and related criminal matters since February 24, 2006.[1] Defendant Scott, Sr., also indicates that he would like to represent himself at trial.

Since his February 2006 appointment, Attorney Martino has reviewed voluminous discovery and Jencks Act materials pertinent to all three of the cases pending against Scott. He has filed appropriate motions and briefs on Scott's behalf, made appropriate requests for resources to assist in the defense, and satisfied all professional obligations imposed by the Court.

---

[1] Attorney Martino was Scott's second appointed counsel in this case; he replaced Scott's first appointed attorney, with whom Scott claimed he was unable to work. Attorney Martino was appointed as Scott's counsel in the criminal case filed at docket number 1:07-CR-59, which was consolidated with the 2005 superseding indictment in case number 1:05-CR-443.

Indeed, the Court has observed Attorney Martino to be a vigorous advocate on Scott's behalf, and in the months since his appointment, the Court has received no complaints from Scott regarding Attorney Martino's performance. Based on the record now before it and in light of Attorney Martino's able representation of Scott, the Court concludes that Defendant Scott, Sr., has not shown good cause for the removal of Attorney Martino and the appointment of new counsel. Moreover, during the change of plea hearing, Defendant Scott, Sr., indicated that he was no longer interested in pursuing his motion to dismiss counsel and proceed *pro se*. (Change of Plea Hearing, September 29, 2007) (Court: "[Y]ou need to be sure that you're fully informed and that Mr. Martino is the person that you want at your side assisting you in [the decision to plead guilty]. Do you feel that you can make that decision this afternoon?" Defendant Scott, Sr.: "Yes, ma'am.") Accordingly, the Court will deny the motion.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 05-CR-443** |
| **v.** : | |
| : | **(Chief Judge Kane)** |
| **ROBERT SCOTT, SR.,** : | |
| : | |
| **Defendant** : | |

## ORDER

**AND NOW**, this 19th day of October, 2007, **IT IS HEREBY ORDERED THAT** Defendant Scott, Sr.'s motions to exclude Dr. Cooper's testimony (Doc. No. 970), to exclude the Government's 404(b) evidence (Doc. No. 1062), and to dismiss counsel and proceed *pro se* are **DENIED** as moot (Doc. No. 1076).

                                          S/ Yvette Kane
                                          Yvette Kane, Chief Judge
                                          United States District Court
                                          Middle District of Pennsylvania