IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:05-CR-443-11 |
| | : | |
| | : | (Chief Judge Kane) |
| ROBERT SCOTT, SR., | : | |
| | : | |
| Defendant | : | |

# ORDER

**THE BACKGROUND TO THIS ORDER IS AS FOLLOWS**:

The indictment charging 16 Defendants with engaging in prostitution activities by recruiting, directing, managing, overseeing, disciplining, and, living off the earnings of prostitutes has been pending since December 8, 2005. (Doc. No. 20.) The indictment is predicated on a lengthy investigation that produced an unusual volume of discoverable materials, including wiretap transcripts and recordings, witness statements, and records of wire transfers.

The Government made Jencks materials available well in advance of the scheduled trial dates. One year ago today on September 19, 2007, this Court granted (Doc. No. 1025) the Government's motion (Doc. No. 1007) for a protective order, and restricted copying of these materials. The Court acknowledged that the Government exceeded its duties under the Jencks Act by providing witness statements in advance of witness testimony and that the Government's requested copying limitation was reasonable in light of concerns regarding the fear and vulnerability of the witnesses, the history of witness intimidation in this and related cases, and the distribution of presentence reports and other discovery materials. (Doc. No. 1025 at 3.) Now, before the Court is Defendant Robert Scott, Sr.'s Motion for Reconsideration of that order.

(Doc. No. 1499.)

The Jencks Act requires that the defendant have access to information in possession of the government regarding the statements of any witness relating to the subject matter on which a witness testified. 18 U.S.C. § 3500. The Court recognizes that the purposes underlying the Jencks Act also apply to the sentencing phase of criminal prosecution and the defendant is entitled to have access to statements for witnesses that will testify against him at his sentencing hearing. United States v. Rosa, 891 F.2d 1074, 1075 (3d Cir. 1989). By its terms, however, the Jencks Act restricts the discovery of witness statements "until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Likewise, Rule 16(a)(2) of the rules of criminal procedure specifically excludes Jencks Act materials from discovery. Fed. R. Crim. P. 16(a)(2). Read together, it is clear that the a defendant has limited rights with respect to the witness statements. The materials are not intended for general trial preparation, and defendants "have no right to extended independent review of 3500 materials in the privacy of their cells." United States v. Garcia, 406 F.Supp.2d 304, 306 (S.D.N.Y. 2005). This limitation is in place for the protection of potential witnesses. Accordingly, when the 3500 materials are provided to a defendant before required by the Jencks Act, careful restriction on the use of this material is warranted, considering the wide dissemination of 3500 materials within the prison system and the possibility that hard evidence of cooperation with the Government can facilitate witness intimidation or retaliation. Id. Additionally, these restrictions can be appropriate in cases where the potential for witness tampering is high, even if there is no showing that the defendant has actually threatened or tampered with a witness. Id.

In support of the motion for reconsideration, the Defendant argues that many of the factors motivating the Court's decision to limit reproduction of the Jencks materials a year ago are no longer applicable.  For one, counsel represents that the Defendant has been permitted to review the content of the witness statements since September of last year and never has "utilized his knowledge of the content of any of these statements to harass or threaten any potential witness against him."  (Doc. No. 1500 at 5.)  Counsel further suggests that the Defendant does not have any motive to harass witnesses at this stage of the case against him because he has pleaded guilty and only "limited sentencing issues" need to be resolved.  (Id.)

Despite counsel's contention, the potential for witness intimidation or retaliation still exists, even at this late stage of the proceedings.  The Defendant has pleaded guilty to being involved in a wide-ranging conspiracy, and Government witnesses have actually been assaulted for their cooperation with the Government in this case.  (Doc. No. 1287 at 4.)  While the Defendant has been permitted to review the content of the above witness statements since they were originally disclosed last year, turning over hard evidence of witness cooperation risks facilitating witness intimidation.  Further, counsel for the Defendant has had access to this material for a year now, which has given him plenty of time to schedule meetings with the Defendant for review of the materials.  As such, the Court finds that there has been no significant change in circumstances since the original order that would justify reconsideration.

**ACCORDINGLY**, this 19th day of September 2008, having considered Defendant Scott, Sr.'s motion for reconsideration, (Doc. No. 1499), **IT IS HEREBY ORDERED** that the Defendant's motion is **DENIED**. The original order (Doc. No 1025) will remain in effect.

                                        s/ *Yvette Kane*
                                        Yvette Kane, Chief Judge
                                        United States District Court
                                        Middle District of Pennsylvania