IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:05-CR-443-11 |
| | : | |
| | : | (Chief Judge Kane) |
| ROBERT SCOTT SR., | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM**

Before the Court are Defendant Robert Scott, Sr.'s ("Scott") pro se motions: to withdraw his guilty plea (Doc. No. 1851) entered on September 28, 2007 (Doc. No. 1084), to dismiss for lack of subject matter jurisdiction (Doc. No. 1853), to set a hearing on the issue of prosecutorial misconduct along with alleged *Brady* and Due Process violations (Doc. No. 1859), and to reconsider the Court's order denying his motion to continue (Doc. No. 1868). The Court deems these motions ripe for disposition.[1] For the reasons that follow, the motions will be denied.

**I.    BACKGROUND**

In the interest of economy, the Court will incorporate the procedural and factual background already set out at length in other filings in this matter:

> This action commenced against Scott over three years ago by way of superseding indictment filed on December 08, 2005. (Doc. No. 20.) Scott pleaded guilty pursuant to a plea agreement on September 28, 2007, to two counts of the superseding indictment and also to a count of a second indictment at 1:CR-07-292. (Doc. No. 1080; 1083.) After the Court allowed significant briefing on the numerous objections to the presentence report, Scott filed a motion to withdraw

---

[1] Because the sentencing hearing is currently scheduled for April 29, 2009, and many of these motions have been filed in the past two weeks, a normal briefing period would delay the hearing. After review of the motions, the Court finds that further briefing on these issues is not necessary from either party, especially considering many of these motions deal with issues already settled by prior Court order.

> his guilty plea (Doc. No. 1508), which the Court rejected (Doc. No 1567). Subsequently, Scott moved to proceed pro se and dismiss his counsel. (Doc. No. 1566.) In a hearing on this motion on September 29, 2008, Scott represented to the Court that he would actually prefer to be appointed new counsel rather than proceed pro se; the Court granted this request and found Scott new counsel on that same day. (Doc. No. 1580.) Scott's sentencing was then scheduled to commence on December 29, 2008, which was continued until February 25, 2009, to allow Scott's new counsel more time to prepare. (Doc. No. 1723.) [O]nly a week [before] that hearing, Scott [again] informed the Court that he wished to proceed pro se and the Court set yet another hearing to address this request. After engaging in a colloquy with Scott about the perils of proceeding pro se, the Court again dismissed Scott's appointed attorney and continued his sentencing until the current date of April 29, 2009, to give him time to prepare. (Doc. No. 1835.)

(Doc. No. 1849 at 1 n.1.)

## II. WITHDRAWAL OF GUILTY PLEA

Scott requests yet again for the Court to allow him to withdraw his guilty plea, despite the Court's prior rejection of this request both orally and in a written memorandum and order filed on September 26, 2008. (See Doc. No. 1567.) Scott's motion raises many of the same contentions raised in his initial motion to withdraw his plea, adding some allegations that his counsel—then Mr. Martino—coerced him to take the guilty plea and refused to file a motion on his behalf to withdraw the plea. (Doc. No. 1851.) In support of these allegations, he has attached several letters sent to him by Mr. Martino.

After reviewing the present motion and the letters attached thereto, the Court finds no basis to revisit its earlier decision to deny Scott's request to withdraw his guilty plea. With regard to Mr. Martino's representation in advising Mr. Scott about the propriety of a guilty plea, the Court undertook an extensive colloquy with Scott on this very issue at the change of plea hearing held on September 28, 2007:

2

> Q: Let me ask you again, do you feel that you've had a full opportunity to discuss the charges and the defenses with Mr. Martino and to discuss with him the best way to proceed?
>
> A: Yes, ma'am.
>
> Q: So you've discussed all your options, your trial options and your option of having a plea agreement with the Government in entering into a guilty plea?
>
> A: Yes, ma'am.
>
> Q: Do you feel that he's given you good counsel in these matters?
>
> A: Yeah. Other than what I said, yeah, he gave me excellent counsel, other than what I said about the private investigator. Other than that, no, he did his best. You know, whenever I needed case law, I called him and got it from him or whatever, you know.
>
> Q: What about with respect to deciding how to go forward today?
>
> A: I feel it was the best advice after, you know, looking at everything that was in front of me.
>
> Q: Assessing the evidence –
>
> A: Yes, ma'am.
>
> Q: – and deciding what your chances are at trial?
>
> A: Yes, ma'am.
>
> Q: You feel that you've had a full opportunity to explore all of that?
>
> A: Yes, ma'am.
>
> Q: And you would say you're satisfied with his representation in that regard?
>
> A: Yes, ma'am.

(Def.'s Plea Hr'g Tr. 7:10-8:13, Sept. 28, 2007.) Further, as noted in the Court's prior order, the Court engaged in a detailed colloquy with the Defendant about his guilty plea (see Doc. No.

1567 at 6), and Scott testified that nobody threatened or coerced him to take the plea agreement (Plea Hr'g Tr. 18:4-9). Further, the attached letters do not support the representations made in the motion, but rather show that Mr. Martino was ready to go to trial only five days before Mr. Scott decided to plead guilty—further borne out by the substantial filings he made in preparation for trial at that time—and that he diligently counseled Mr. Scott about the potential pitfalls of seeking to withdraw his guilty plea after admitting to the crime under oath at the change of plea hearing. (See Doc. No. 1851 at 6-8.) Considering Scott's own testimony, given under oath at his change of plea hearing, the Court finds no basis to reconsider its prior decision to deny Scott's motion to withdraw his plea based on the new, unsupported assertions made in his present motion. As such, Scott's motion will be denied.

### III. SUBJECT MATTER JURISDICTION

Scott has challenged this Court's subject matter jurisdiction on several bases: (1) the current Pennsylvania Constitution is invalid; (2) Pennsylvania has no power to enact a criminal code or statute; (3) there was no "saving schedule" in the 1968 Pennsylvania constitution to save old prosecutions; and (4) the laws found in "Pennsylvania Statutes" do not have enacting clauses or titles. Besides the fact that these arguments are highly suspect, they are irrelevant to the underlying action. As the Government points out, this is a federal criminal prosecution; Scott has plead guilty to two separate federal offenses and this Court's jurisdiction over those offenses derives from 18 U.S.C. § 3231 and the Commerce Clause. After considering the motion and arguments put forward in the Government's brief in opposition (Doc. No. 1856), the Court finds that it has subject matter jurisdiction over this action. As such, Scott's motion will be denied.

### IV. PROSECUTORIAL MISCONDUCT

4

Scott seeks a hearing on the issue of prosecutorial misconduct. He claims that the Government did not disclose certain impeachment testimony—allegedly inconsistent statements made between certain victims in this case—to the defense in violation of Brady v. Maryland, 373 U.S. 83 (1963). (See Doc. No. 1859.) Scott further argues that because his conviction is based on this testimony it should be corrected, which the Court will construe as another attack on the validity of his guilty plea. (Id. at 4.)

After reviewing the record and considering Scott's motion, the Court finds that Scott's contentions do not merit a hearing because he has not provided good cause for a hearing on this issue and his claims are frivolous. See United States v. Reyeros, 537 F.3d 270, 284 n.18 (3d Cir. 2008) (citing Gov't of Virgin Islands v. Martinez, 780 F.2d 302, 306-08 (3d Cir. 1986)). As the Government points out, Scott claims there has been a *Brady* violation by relying on witness statements disclosed to him—and to his attorneys before him—as part of the discovery process. Because the discovery materials in this case have been subject to several motions already (see Doc. Nos. 419; 1499), the record is clear that the Government has turned over a staggering amount of evidence to the defense in this case. Indeed, in a filing concerning one of these motions, Mr. Martino represented to the Court that he received a disk with more than two thousand pages of material on September 16, 2007, containing all witness statements relevant to the Government's case against Scott. (Doc. No. 1500.) Scott presents nothing in his motion that would suggest the Government is withholding further exculpatory material that would require an evidentiary hearing. Additionally, the Court notes that Scott has pled guilty to these charges. The Supreme Court has explained that a guilty plea forecloses certain defenses:

> A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has

> solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Specifically, the Court has held that the Government is not even required to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant. See United States v. Ruiz, 536 U.S. 622, 633 (2002). As such, the alleged inconsistencies in these statements do not undermine Scott's guilty plea and the Court finds that the record does not show any impropriety in the Government's efforts to meet its obligations in this case. Scott has presented no viable basis to "correct" his conviction—or to set a hearing on this matter—and his motion will be denied.[2]

## V. CONTINUANCE OF SENTENCING

Scott requests that this Court reconsider its earlier order (Doc. No. 1849) denying his requested continuance of his sentencing hearing. Scott claims to lack a copy of the Federal Rules of Criminal Procedure and Federal Sentencing Guidelines. (Doc. No. 1868.) He also continues to request that a paralegal be provided to assist him. (Id.)

The Court finds no basis to reconsider its prior order or to grant continuance at this time. As the Court noted in its previous order, if Scott focused on his sentencing instead of preparing these lengthy, suspect filings, then adequate time would be available for him to prepare for sentencing. (Doc. No. 1849 at 2.) Since that order, Scott has filed the three prior motions dealt with above, comprising many pages of frivolous arguments and contentions. Further, though Scott claims to lack a copy of the Federal Rules of Criminal Procedure, he has attached a

---

[2] Of course, to the extent the Government relies on these witness statements, Scott can argue that any inconsistencies should undermine the weight the Court should give to the statements at his sentencing hearing.

photocopy of two pages of the rules as part of his most recent motion to withdraw his guilty plea. (See Doc. No. 1851 at 3.) Scott also continues to ignore that his prior counsel has submitted objections to nearly every enhancement assessed in his Presentence Investigation Report and briefed several of the objections extensively. (See Doc. Nos. 1329-1332.) Scott does not have license to re-litigate his entire case because he sought and obtained leave to proceed pro se on the eve of sentencing. As such, the Court will deny Scott's motion.

## VI.    CONCLUSION

For the foregoing reasons, the Court will deny Scott's pending motions before the Court. An order consistent with this memorandum will follow.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 1:05-CR-443-11 |
| | : | |
| | : | (Chief Judge Kane) |
| ROBERT SCOTT SR., | : | |
| | : | |
| Defendant | : | |

## ORDER

**AND NOW**, on this 28th day of April 2009, upon consideration of the Defendant Robert Scott Sr.'s motions: to withdraw his guilty plea (Doc. No. 1851) entered on September 28, 2007 (Doc. No. 1084), to dismiss for lack of subject matter jurisdiction (Doc. No. 1853), to set a hearing on the issue of prosecutorial misconduct along with alleged *Brady* and Due Process violations (Doc. No. 1859), and to reconsider the Court's order denying his motion to continue (Doc. No. 1868) filed in the above-captioned matter, and for the reasons set forth in this Court's Memorandum Opinion filed herewith, **IT IS HEREBY ORDERED THAT** the motions are **DENIED**.

 S/ Yvette Kane
 Yvette Kane, Chief Judge
 United States District Court
 Middle District of Pennsylvania