**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT SCOTT, SR.,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:05-cr-00443** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Before the Court is Petitioner's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 2044.)

## I. BACKGROUND

On September 28, 2007, Petitioner Robert Scott, Sr. entered a plea of guilty to a conspiracy to transport individuals with intent to engage in prostitution, coercing and enticing individuals to travel in interstate commerce for prostitution, interstate travel with intent to distribute proceeds of prostitution, and interstate transportation of a minor with intent to engage in prostitution, in violation of 18 U.S.C. §§ 371, 2421, 2422(a), 1952(a), and 2423(a). On May 20, 2009, the Court sentenced Petitioner to a 274-month term of imprisonment, three years of supervised release, a $3,000 fine, and a special assessment of $300. On May 28, 2009, Petitioner appealed his sentence, and on June 29, 2011, the United States Court of Appeals for the Third Circuit affirmed the sentence. On October 19, 2012, Petitioner filed the present motion to vacate. Following appointment of counsel, an evidentiary hearing was conducted on January 22, 2015.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside or correct the prisoner's sentence. However, Section 2255 does not afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178 (1979)). "The alleged error must raise 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Id. (citation omitted). Furthermore, Section 2255 generally limits federal prisoners' ability to attack the validity of their sentences to four grounds. Hill v. United States, 368 U.S. 424, 426-27 (1962). A prisoner may claim relief by alleging that: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Id. (citing 28 U.S.C. § 2255).

## III. DISCUSSION

Petitioner moves to vacate his sentence, arguing: (1) that his conviction violates the Tenth Amendment to the United States Constitution, and that his counsel was ineffective for failing to raise the issue; (2) that his conviction violates the non-delegation doctrine; and (3) that his counsel was ineffective in advising him to enter a plea of guilty. (Doc. No. 2044 at 14-43.)

In addition to the three grounds for relief set forth in his Section 2255 motion, Petitioner appended an additional brief to his pleading, including three separate grounds for relief, arguing: (1) that the Court should have permitted him to withdraw his guilty plea; (2) that the Court erroneously applied the cross-reference to United States Sentencing Guideline § 2A3.1 for calculation of his sentence; and (3) that his attorney was ineffective in handling his attempt to

withdraw his plea of guilty and in advising him about the cross reference to United States Sentencing Guideline § 2A3.1. (Doc. No. 2044 at 44-66.) In its order affirming the Court's judgment, the Third Circuit generally foreclosed many of these arguments. United States v. Scott, 434 F. App'x 103, 106 (3d Cir. 2011), cert. denied, 132 S. Ct. 541 (2011). Regarding Petitioner's claim that his attorney was ineffective for failing to move earlier to withdraw his guilty plea; the Court held a hearing on this issue on January 22, 2015. The Court addresses each of Petitioner's arguments below.

**A. Tenth Amendment**

Petitioner's first argument is that the Government's prosecution of this case runs afoul of the Tenth Amendment, arguing that the case is "indicative of the over-federalization of criminal justice policy and as upsetting the proper allocation of responsibility between the state of Pennsylvania and the federal government." (Doc. No. 2044 at 23.) Petitioner appears to be challenging the jurisdiction of this Court and the validity of the statutes that he pleaded guilty to violating. In response, the Government asserts that the federal prostitution statutes have been upheld by the United States Supreme Court. (Doc. No. 2063 at 5.)

The Tenth Amendment provides, "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. In Bond v. United States, 131 S. Ct. 2355 (2011), the Supreme Court held that an individual convicted of violating a statute has standing to challenge the statute's validity as exceeding Congress's enumerated powers in violation of the Tenth Amendment. Bond, 131 S. Ct. at 2367. While the federal government does not have general police power, the Constitution empowers the federal government to "regulate Commerce with

foreign Nations, and among the several States, and with the Indian Tribes." U.S. Const. art. I, § 8, cl. 3. The Supreme Court held that the Commerce Clause delegates to Congress the power to regulate: (1) the use of the channels of interstate commerce; (2) the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities; and (3) activities that substantially affect interstate commerce. United States v. Lopez, 514 U.S. 549, 558-59 (1995).

Here, Petitioner pleaded guilty to conspiracy to transport individuals with intent to engage in prostitution, coercing and enticing individuals to travel in interstate commerce for prostitution, interstate travel with intent to distribute proceeds of prostitution, and interstate transportation of a minor with intent to engage in prostitution, in violation of 18 U.S.C. §§ 371, 2421, 2422(a), 1952(a), and 2423(a). The statutes to which Petitioner pleaded guilty all regulate interstate conduct, and fall squarely within Congress's power to regulate interstate commerce. Therefore, the Court will deny this portion of Petitioner's Section 2255 motion.

**B. Non-Delegation and Void-for-Vagueness Doctrines**

Next, Petitioner argues that the "lack of intelligible principle in the [Mann Act] runs contrary to the delegation doctrine" and renders the statute "void-for-vagueness." (Doc. No. 2044 at 33-37.) In practical terms, Petitioner argues that 18 U.S.C. §§ 2421, 2422, and 2423 provide no guidance to prosecutors as to the meaning of the forbidden conduct, thereby giving prosecutors too much discretion. (Id. at 35.)

The non-delegation doctrine provides that "Congress generally cannot delegate its legislative power to another Branch." Mistretta v. United States, 488 U.S. 361, 372 (1989) (citing Field v. Clark, 143 U.S. 649, 692 (1892)). Congress may, however, set forth "an

intelligible principle to which the person or body authorized to exercise the delegated authority is directed to conform. Id. (quoting J.W. Hampton, Jr., & Co. v. United States, 276 U.S. 394, 408 (1928)).

The void-for-vagueness doctrine "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Kolender v. Lawson, 461 U.S. 352, 357 (1983) (citing Village of Hoffman Estates v. Flipside, 455 U.S. 489 (1982); Smith v. Goguen, 415 U.S. 566 (1974); Grayned v. City of Rockford, 408 U.S. 104 (1972); Papachristou v. City of Jacksonville, 405 U.S. 156 (1972); Connally v. General Construction Co., 269 U.S. 385 (1926)). Perhaps the most important element of the doctrine is the requirement "that a legislature establish minimal guidelines to govern law enforcement." Id. at 358 (quoting Smith, 415 U.S. at 574).

Here, Petitioner challenges 18 U.S.C. §§ 2421, 2422, and 2423(a) under the non-delegation doctrine and the void-for-vagueness doctrine. (See Doc. No. 2044 at 35.) None of these statutes violates either doctrine. First, Section 2421 provides:

> Whoever knowingly transports any individual in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2421. The statute does not delegate any legislative power to another branch of the federal government. Moreover, the statute defines the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited. The statute does not encourage arbitrary or discriminatory enforcement. A person of ordinary intelligence would understand

that this statute prohibits the transport of people with the intent that the transported person will engage in prostitution or other sex crimes. Thus, 18 U.S.C. § 2421 violates neither the non-delegation doctrine nor the void-for-vagueness doctrine.

Next, 18 U.S.C. § 2422 makes it a crime to "knowingly persuade[], induce[], entice[], or coerce[] any individual to travel in interstate or foreign commerce, or in any Territory or Possession of the United States, to engage in prostitution" or other sex crimes. This statute does not delegate any legislative power to another branch of the government. Moreover, it defines the prohibited conduct with sufficient definiteness that ordinary people can understand what conduct is prohibited. Petitioner argues that Congress does not provide enough guidance as to what constitutes "persuades, induces, entices, or coerces." (Doc. No. 2044 at 36.) However, these are ordinary terms that people of ordinary intelligence can understand. The Court is satisfied that 18 U.S.C. § 2422 violates neither the non-delegation doctrine nor the void-for-vagueness doctrine.

Third, Petitioner challenges 18 U.S.C. § 2423(a). (Doc. No. 2044 at 36.) The statute prohibits a person from "knowingly transport[ing] an individual who has not attained the age of 18 years in interstate or foreign commerce, or in any commonwealth, territory or possession of the United States, with intent that the individual engage in prostitution" or other sex crimes. 18 U.S.C. § 2423(a). The Court is satisfied that this statute violates neither the non-delegation doctrine nor the void-for-vagueness doctrine. As with the statutes discussed above, 18 U.S.C. 2423(a) does not delegate legislative authority, and defines the prohibited conduct with sufficient definiteness that ordinary people can understand what conduct is prohibited.

None of the statutes that Petitioner challenges violates either the non-delegation doctrine or the void-for-vagueness doctrine. Thus, the Court will deny this portion of Petitioner's Section

2255 motion.

**C. Counsel was inefffective for advising Petitioner to plead guilty**

Next, Petitioner argues that his attorney, Donald Martino, was ineffective for advising him to plead guilty. (Doc. No. 2044 at 38.) Specifically, Petitioner argues that Attorney Martino was ineffective for advising him that he would not receive a fair trial and would face life in prison if he were found guilty, because none of the statutes that he was charged with carried a penalty greater than twenty years. (Id.) Moreover, Petitioner argues that Attorney Martino should have pressed an argument to allow him to withdraw his guilty plea and proceed to trial. (Id.)

A collateral attack of a sentence based upon a claim of ineffective assistance of counsel must meet a two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). The first Strickland prong requires a petitioner to "establish first that counsel's performance was deficient." Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). This prong requires Petitioner to show that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment. Id. (citation omitted). In this way, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Id. (citing Strickland, 466 U.S. at 688). However, "[t]here is a 'strong presumption' that counsel's performance was reasonable." Id.

Under the second Strickland prong, Petitioner "must demonstrate that he was prejudiced by counsel's errors." Jermyn, 266 F.3d at 282 (citation omitted). This prong requires Petitioner to show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. (quoting Strickland, 466 U.S. at 694.)

"A defendant alleging ineffective assistance of counsel must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial." Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir. 1995), cert. denied, 516 U.S. 1058 (1996). "Reasonable probability" is defined as "'a probability sufficient to undermine confidence in the outcome.'" Id. (quoting Strickland, 466 U.S. at 694). "A court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." Rolan v. Vaughn, 445 F.3d 671, 678 (3d Cir. 2006).

Here, Petitioner's chief complaint about Attorney Martino is that he encouraged Petitioner to enter a plea of guilty, and advised Petitioner that he would face life in prison if he proceeded to trial. However, in light of Petitioner's numerous admissions of guilt, including his statements in the instant motion and at the change of plea hearing, the Court cannot find that it was ineffective for Attorney Martino to advise Petitioner to enter a plea of guilty. (See Doc. No. 2044 at 37 ("No one refutes that Scott is a prostitutor as he has admitted this fact . . . ."); Doc. No. 1524 at 8 ("I feel [that Attorney Martino's advice to enter a plea of guilty] was the best advice after, you know, looking at everything that was in front of me.").) Moreover, Attorney Martino's alleged advice that Petitioner would face life in prison if he proceeded to trial does not fall below an objective standard of reasonableness, as such a sentence would certainly have been a possibility if Petitioner were convicted of all of the crimes with which he was charged. Thus, Petitioner has failed to overcome the strong presumption that his counsel's representation fell within the wide range of reasonable professional assistance. See Strickland, 466 U.S. at 689.

Additionally, Petitioner has failed to show that Attorney Martino's representation prejudiced him. Petitioner has offered nothing beyond his bare assertion that he would have

proceeding to trial had his attorney better explained his trial rights to him. At the change of plea hearing, the undersigned described Petitioner's trial rights to him, and reminded him that he would be waiving those rights by entering a plea of guilty in this case. (Doc. No. 1524 at 13-14.) Petitioner stated that he understood that he would be waiving those rights, and agreed to enter a plea of guilty. (Id. at 14.) Thus, his assertion in the instant motion that he did not understand his trial rights, and that he would have entered a plea of not guilty if his attorney had better explained them to him, are insufficient to satisfy the prejudice requirement of Strickland. Thus, the Court will deny this portion of Petitioner's Section 2255 motion.

**D. Claims related to sentencing guidelines**

Petitioner also argues that his counsel was ineffective in counseling Petitioner about Sentencing Guideline 2A3.1. (Doc. No. 2044 at 61-66.) With respect to Petitioner's ineffective assistance arguments related to the Sentencing Guidelines, the Court has already determined that Attorney Martino's advice about Petitioner's potential sentencing exposure was within the range of reasonableness required by the Sixth Amendment. (See Part III.C.) Moreover, as discussed above, Petitioner cannot establish that he was prejudiced by Attorney Martino's advice.

With respect to his argument that the Court erred in its application of the sentencing guidelines, the Third Circuit stated:

> [T]he District Court properly concluded that Scott and his co-conspirators routinely lured minors and young women into prostitution, and then forced them to continue prostituting by creating an environment of fear and dependence through the use of threats of violence, actual violence, and various forms of manipulation against them. On this broad base of evidence, it applied the cross-reference to section 2A3.1. The District Court did not err.

Id. The Court need not revisit this issue again.

**E. Claims arising out of guilty plea**

Petitioner also argues that Mr. Martino was ineffective for failing to move to withdraw his plea of guilty prior to August 15, 2008. (Doc. Nos. 2044 at 60; 2195 at 13.) According to Petitioner, he repeatedly asked Mr. Martino to do so prior to the Court's acceptance of the plea, but Mr. Martino ignored his requests. (Id. at 60-66.) Pursuant to Federal Rule of Criminal Procedure 11(d)(1), a Defendant may withdraw a plea of guilty "before the court accepts the plea, for any reason or no reason." Fed. R. Crim. P. 11(d)(1). Accordingly, Petitioner contends that it was ineffective for Mr. Martino to fail to move to withdraw the plea of guilty prior to August 15, 2008, when the Court accepted the plea agreement. The Court held an evidentiary hearing on this issue on January 22, 2015.

"[T]he two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). "In the context of guilty pleas, . . . in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 58-59.

The Court finds that Petitioner has not established the elements of his ineffective assistance claim with respect to his guilty plea. The record, does, as Petitioner contends, establish that he did repeatedly indicate a desire to withdraw his plea prior to August 15, 2008. (See, e.g., Doc. No. 2189 at 45-46.) Nevertheless, despite Petitioner's assertion that Mr. Martino ignored these requests (see Doc. No. 2044 at 61), according to Mr. Martino, it was Petitioner who would repeatedly vacillate when the two would have a meeting regarding the potential withdrawal of his plea, and Petitioner repeatedly decided that he no longer wanted to withdraw

the plea. (See, e.g., Doc. No. 2189 at 46:13-25, 68:17-25, 69:1-20, 7:09-24.) In resolving this factual dispute, the Court credits the testimony of Mr. Martino and finds that the failure to move to withdraw the plea prior to August 15, 2008, was the result of Petitioner's personal decision making rather than any ineffective assistance provided by Mr. Martino. Accordingly, the Court will deny relief on this ground.

Petitioner alternatively argues that the Court erred by not permitting him to withdraw his plea of guilty on or after August 15, 2008.[1] (Doc. Nos. 2044 at 44-49, 2195 at 17.) However, the Court will not re-litigate this issue. Petitioner already raised on direct appeal the issue of the Court's refusal to allow him to withdraw his plea of guilty, which the Third Circuit rejected. See United States v. Scott, 434 F. App'x 103, 106 (3d Cir. 2011). Thus, it appears to the Court that it is estopped from reconsidering this issue in Petitioner's Section 2255 motion. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1074-75 (3d Cir. 1985) (noting that a "section 2255 petition is not a substitute for an appeal" . . . and may not "be used to relitigate matters decided adversely on appeal"); United States v. Roche-Moreno, 2011 WL 483996, at *4 (M.D. Pa. Feb. 7, 2011).

---

[1] The precise sequence of events on the morning of August 15, 2008 – the date the Court accepted the plea agreement on the record – is opaque. It was Mr. Martino's recollection that on this morning, Petitioner was indeed adamant that he wanted to withdraw his guilty plea. (Doc. No. 2189 at 47:6-25.) Mr. Martino also testified that he thereafter informed the Court off-the-record of Petitioner's intention to withdraw his plea, which the Court requested in writing. (Id. at 48:13-25, 49:1-22.) Thereafter, at a conference concerning the guilty plea held later that day, the Court indicated that it was accepting the binding plea agreement. (Doc. No. 1945 at 2:1-5.) Mr. Martino then stated that Petitioner wanted him to file a motion to withdraw the plea, and that he would do so "next week." (Id. at 2:11-15.); he ultimately filed the motion on September 2, 2008. (Doc. No. 1508.) That motion was subsequently denied by the Court, in a memorandum and order filed on September 26, 2008. (Doc. No. 1567.) The Third Circuit later affirmed the Court's denial of the motion to withdraw the plea. United States v. Scott, 434 F. App'x 103, 106 (3d Cir. 2011).

Moreover, to the extent Petitioner suggests that this claim is distinct from that previously rejected by the Third Circuit, where a claim should have been raised on direct appeal – but was not – a Petitioner may only bring such a claim under Section 2255 "if she shows cause for her failure to pursue the issue previously and prejudice to her as a result." See United States v. Chambers-Gails, 2013 WL 393664, at *2 (M.D. Pa. Jan. 31, 2013) (citing United States v. Frady, 456 U.S. 152 (1982)); United States v. Schwartz, 925 F. Supp. 2d 663, 692 (E.D. Pa. 2013). Accordingly, the Court will deny the motion on these grounds as well.[2]

## IV. CERTIFICATE OF APPEALABILITY

In proceedings brought under 28 U.S.C. § 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. Under 28 U.S.C. § 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Although the Court finds that reasonable jurists would not disagree with the Court's assessment of the majority of Petitioner's claims, the Court recognizes that reasonable minds could differ on Petitioner's claims revolving around his desire to withdraw his guilty plea. Accordingly, a COA will issue solely with respect to the Petitioner's claims that (1) counsel was ineffective for failing to move sooner to withdraw his guilty plea, and (2) the Court erred in not

[2] Petitioner also claims that he was improperly excluded from the pre-sentence conference on the morning of August 15, 2008, but the Court credits Mr. Martino's testimony that it was Petitioner's own choice to not attend, and the Court finds no support for the proposition that his absence violated any of his constitutional rights. (See Doc. No. 1945 at 2:1-11, 2189 at 77:10-17.)

allowing Petitioner to withdraw his plea, and, in the first instance, whether this Court's consideration of such a claim has been foreclosed.

## V. CONCLUSION

The Court will deny the motion to vacate. However, the Court will issue a certificate of appealability, limited to the issues surrounding Plaintiff's desire to withdraw his plea of guilty. An order consistent with this memorandum follows.[3]

[3] Petitioner also filed a motion to supplement his petition in light of the United States Supreme Court's holding in Alleyne v. United States, 133 S.Ct. 2151 (2013). (Doc. No. 2140.) However, the Third Circuit has explicitly held that Alleyne was not retroactively applicable to cases under collateral review. See United States v. Reyes, 755 F.3d 210 (2014).